IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**NATHANIEL D. RICE,**

    Petitioner,

v.                                                             **Civil Action No. 2:14cv28**
                                                                       **(Judge Bailey)**

**R.A. PERDUE, Warden,**

    Respondent.

## REPORT AND RECOMMENDATION

### I. Background

On April 21, 2014, the *pro se* petitioner, Nathaniel D. Rice, ("petitioner") filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241, claiming actual innocence of his conviction on Count Two (felon in possession of a firearm) and maintaining that his sentence was improperly enhanced under 21 U.S.C. §851, pursuant to Simmons,[1] Miller,[2] and retroactive Sentencing Guideline Amendment 750. (Dkt.# 6 at 8.). That same day, the Clerk of Court sent petitioner a Notice of Deficient Pleading, advising him that he had twenty-one (21) days, or until May 14, 2014, to file his petition on the correct form as per Local Rule of Prisoner Litigation Procedure 3.4., and either pay the filing fee or file an application to proceed as a pauper, along with all supporting documents. (Dkt.# 3).

---

[1] Although nowhere in his petition does petitioner specifically so state, the undersigned presumes petitioner is attempting to reference United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

[2] Likewise, although not specifically referenced anywhere in his petition, the undersigned presumes petitioner is attempting to reference Miller v. United States, 735 F.3d 141 (4th Cir. 2013).

1

On May 19, 2014, petitioner filed a Request for Preliminary Injunction/TRO Motion for Speedy Adjudication of §2241 (Dkt.# 5), along with his court-approved form petition, application to proceed as a pauper and supporting documents. (Dkt.# 7 and 8). He also filed a Motion for an Extension of Time and/or Motion to File Untimely Corrections as Noted on Notice of Deficient Pleadings. (Dkt.# 9). By separate Orders entered May 21, 2014, petitioner's motion for an extension of time was granted and he was granted permission to proceed as a pauper but directed to pay the five dollar filing fee. (Dkt.# 10 and 11). On June 9, 2014, petitioner filed a letter motion for reconsideration of the Order granting his application to proceed *in forma pauperis* but directing him to pay the fee. (Dkt.# 13). By Order entered June 30, 2014, petitioner's motion to reconsider the filing fee was granted and payment of the filing fee was waived for the time being, although petitioner was still required to pay it when his financial circumstances changed. (Dkt.# 14).

This matter is now pending before the undersigned for a Report and Recommendation.

## II. <u>Facts</u>[3]

On January 3, 2003, in the Middle District of North Carolina, after a two-day trial, petitioner was convicted of all four counts of a Superseding Indictment: Counts 1s, possession with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. 841(a)(1) & (b)(1)(B); Count 2s, possession of firearms in commerce after a felony conviction, in violation of 18 U.S.C. 922(g)(1) & 924(a)(2); Count 3s, carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. 924(c)(1)(A)(i); and Count 4s, possession of firearms during a drug trafficking crime, in violation of 18 U.S.C. 924(c)(1)(A)(i).

---

[3] Petitioner's underlying criminal case can be found on PACER at 1:02cr153, United States District Court for the Middle District of North Carolina.

On April 3, 2003, petitioner was sentenced to 121 months imprisonment on Count 1s with 8 years' supervised release; 120 months imprisonment on Count 2s, to run concurrently with the sentence in Count 1s and 3 years' supervised release to run concurrently with that imposed on Count 1s; and 60 months imprisonment on Count 3s, to run consecutively with that imposed on Count 1s, with 5 years' supervised release, to run concurrently with Count 1s, for a total term of 181 months in prison on Counts 1s, 2s, and 3s; Count 4s was dismissed at the time of sentencing.[4]

Petitioner timely appealed, but on February 23, 2004, the Fourth Circuit affirmed the district court's judgment.[5] On June 14, 2004, the United States Supreme Court denied *certiorari*.[6]

Petitioner filed a Motion to Vacate Pursuant to 28 U.S.C. §2255 on June 24, 2005. It was dismissed on November 1, 2006.[7] He appealed the dismissal to the Fourth Circuit; the appeal was dismissed on June 1, 2007.[8] His petition for rehearing *en banc* was denied on August 26, 2008, and on February 23, 2009, his petition for writ of *certiorari* was denied by the United States Supreme Court.[9] On January 24, 2011, petitioner filed a *pro se* motion to vacate the judgment denying his prior §2255 motion. It was denied by Order entered March 18, 2011.[10]

---

[4] (M.D.N.C. Dkt.# 46)(1:02cr153).

[5] (M.D.N.C. Dkt.# 59)(1:02cr153).

[6] (M.D.N.C. Dkt.# 61)(1:02cr153).

[7] (M.D.N.C. Dkt.# 64)(1:02cr153).

[8] (M.D.N.C. Dkt.# 68)(1:02cr153).

[9] (4th Cir. Dkt.# 21)(08-6129).

[10] (M.D.N.C. Dkt.# 81)(1:02cr153).

Petitioner appealed to the Fourth Circuit; the appeal was dismissed on July 6, 2011. Petitioner's petition for rehearing and rehearing *en banc* was denied on September 13, 2011.[11]

Petitioner filed a *pro se* Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense, 18 U.S.C. §3582 on March 7, 2008. Counsel was appointed, and by Order entered on September 21, 2010, the motion was granted, and his sentence was reduced by one month.[12]

On December 2, 2011, petitioner filed a pro se Motion to Reduce Sentence 3582(c)(2). On December 27, 2011, he filed a motion for relief under the All Writs Act, 28 U.S.C. §1651, asking the court to construe his §3582 motion as one arising under 28 U.S.C. §1651, and seeking to have his conviction under 18 U.S.C. § 922(g) vacated and to be resentenced.[13] On May 19, 2014, an Order and Recommendation was entered, recommending that petitioner's motion be granted, that the judgment be vacated, and Count Two of the Superseding Indictment be dismissed and that petitioner be re-sentenced as to Count One and Three of the Superseding Indictment. By Order entered July 15, 2014, the Magistrate Judge's recommendation was adopted and petitioner's §2255 motion was granted; his sentence was vacated, Count Two of the Superseding Indictment was dismissed.[14] Petitioner was re-sentenced on September 17, 2014, to 33 months imprisonment as to Counts 1s; 60 months imprisonment as to Count 3s, to run consecutively to Count 1s; three years supervised release; the dismissal of Count 2s; and

---

[11] (4th Cir. Dkt.# 10)( 11-6457).

[12] (M.D.N.C. Dkt.# 77)(1:02cr153).

[13] The §1651 motion was filed as a motion arising under 28 U.S.C. § 2255 for the court's docketing purposes. See (M.D.N.C. Dkt.# 93)(1:02cr153).

[14] (M.D.N.C. Dkt.# 136)(1:02cr153).

reimbursement of the $100 Special Assessment he paid on Count 2s. On September 19, 2014, an amended judgment was entered on the docket, giving petitioner credit for time served.[15] Petitioner was released from prison the same day.

### III. Analysis

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3rd Cir. 1996).

The petitioner is seeking an Order re-sentencing him to time served, in light of Simmons, Miller, and "retroactive Sentencing Guideline Amendment 750;" the vacation of his term of supervised release on Count 1s, to be re-imposed to supervised release without a §851 enhancement; credit for the Special Assessment he paid on Count 2s; and the granting of his immediate release.

Although the petitioner has not notified the Court of a change of address, the BOP website establishes that he was released from custody on September 19, 2014. Accordingly, the petitioner is no longer in the custody of the BOP, and there is no relief that this court can offer. Therefore, this case is now moot.

### IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition (Dkt.# 1 and 6) be **DISMISSED as moot**. Likewise, petitioner's pending MOTION/REQUEST

---

[15] (M.D.N.C. Dkt.# 144)(1:02cr153).

for Preliminary Injunction, MOTION for Temporary Restraining Order for Freedom, MOTION for Speedy Adjudication of 2241 (Dkt.# 5), should also be **DISMISSED as moot**.

**Within fourteen (14) days** after being served with a copy of this report and recommendation, **or by October 9, 2014**, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Report and Recommendation to counsel of record via electronic means.

DATED: September 25, 2014

    /s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE